## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

**IN RE: WATTS CONTRACTORS, INC.**                    Case No. 05-43315-DOT
      Chapter 11  Debtor in Possession

**WATTS CONTRACTORS, INC.**
            Plaintiff

v.                                                   Adv. Proc. No. 06-03105-DOT

**GERALD W. WATTS;**
**BANK OF THE JAMES;**
**JIM'S SUPPLY OF VA., INC.; and**
**COMMONWEALTH OF VIRGINIA,**
**DEPT. OF SOCIAL SERVICES,**
**DIV. OF CHILD SUPPORT ENFORCEMENT**
            Defendants

### MEMORANDUM OPINION AND ORDER

Hearing was held on November 16, 2006, on the motion for summary judgment filed by plaintiff Watts Contractors, Inc., the Debtor-In-Possession ("DIP"), against defendant Gerald W. Watts. Defendant filed a cross-motion for summary judgment. Following the hearing, the court requested both parties to submit proposed findings of fact and conclusions of law. For the following reasons, the plaintiff's motion for summary judgment will be granted, and defendant's cross-motion for summary judgment will be denied.

### Findings of Fact

This court has jurisdiction over the complaint pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b).

At issue is the continued validity of a written lease entered into on June 8, 2003, between the DIP and the defendant of certain portions of a 187½ acre tract owned by the DIP located in Charlotte County, Virginia. Defendant uses the leased premises as a private airport. The lease

contemplated a term of 20 years and was not recorded in the Clerk's Office of the Circuit Court

of Charlotte County.

The DIP filed the present Chapter 11 case on November 18, 2005.

Discussion and Conclusions of Law

Upon the filing of the Chapter 11 petition, the DIP acquired the powers of a trustee

pursuant to 11 U.S.C. § 1107(a). Among the powers of a trustee are the "strong-arm" powers of

11 U.S.C. § 544(a). Specifically, as of the commencement of the case, and without regard to the

knowledge of the trustee or any creditor, the DIP may exercise the powers of a bona fide

purchaser of real property from the debtor. 11 U.S.C. § 544(a)(3) . In this case, the DIP seeks to

exercise the § 544(a) strong-arm powers to nullify the 2003 lease.

When the DIP avoids an interest in a leasehold interest in real estate, both state and

federal law must be considered. First, federal bankruptcy law confers upon the DIP the ability to

avoid certain transfers of property pursuant to the strong-arm powers of § 544(a). Second, the

substance of such rights, particularly the priority of the DIP's claim, must be determined by

reference to state law. *Dunes Hotel Assocs. v. Hyatt Corp.,* 245 B.R. 492 (D.S.C. 2000). Third, if

the DIP (or a trustee) has priority over a third party's interest under state law, then federal law

prescribes the consequences.

Following this analysis, the DIP plainly has the power under § 1107(a) to exercise the §

544(a) avoidance powers. The point at which avoidance occurs, if at all, is at the commencement

of the case. Virginia law determines the types of transfers that may be avoided by the § 544(a)

powers at the time of commencement of this case.

Under Virginia law, a lease for five years or more must be in the form of a will or deed.

Va. Code Ann. § 55-2; *Smith v. Payne*, 153 Va. 746, 756, 151 S.E. 295, 298 (1930). Among

2

other conveyances, certain deeds of lease must be recorded in the land records of the county in which the property is located to have priority over subsequent bona fide purchasers and lien creditors. Va. Code Ann. 55-96 A.1(ii). The statutory text of Virginia Code § 55-96 reads as follows:

> Every (i) such contract in writing, (ii) *deed conveying any such estate or term*, (iii) deed of gift, or deed of trust, or mortgage conveying real estate or goods and chattels and (iv) such bill of sale, or contract for the sale of goods and chattels, *when the possession is allowed to remain with the grantor, shall be void as to all purchasers for valuable consideration without notice* not parties thereto and lien creditors, until and except from the time it is duly admitted to record in the county or city wherein the property embraced in such contract, deed or bill of sale may be.

Va. Code Ann. § 55-96 A.1 (emphasis added). Defendant argues that the "when the possession is allowed to remain with the grantor" language applies to each of the four numbered sub-sections, and therefore the recording requirement applies to deeds conveying estates only when the possession is allowed to remain with the grantor. While theoretically possible given the unclear use of the comma in the statute, this reading is untenable. No case has held that the Virginia recording statute applies to deeds only when the possession is allowed to remain with the grantor; hence the phrase in question clearly modifies only contracts for the sale of goods and chattels. The recording statute has been consistently understood to say that deeds conveying leases for terms of more than five years are to be recorded. *See Knight v. Triplet*, Jeff. 71 (1740); *Great Atlantic and Pacific Tea Co. v. Cofer*, 129 Va. 640, 106 S.E. 695 (1921); see also 1-27 VIRGINIA TITLE EXAMINERS MANUAL § 27-2 (1998). Therefore, it is clear that the lease in this case for a term of more than five years must be recorded, or it is void as to a bona fide purchaser.

Regardless of whether the 2003 lease satisfies the technical requirements to constitute a

3

deed, there is no question that the lease was not recorded. Thus, under Virginia law, the defendant's interest in the unrecorded 2003 lease would be void with respect to a subsequent lien creditor or bona fide purchaser for value.

When the DIP exercises the § 544(a) avoidance powers, it may exercise the powers of a bona fide purchaser for value, and may avoid a transfer that would be voidable by such a bona fide purchaser under Virginia law. Because the lease is void as to a bona fide purchaser, the DIP can avoid the lease. Thus, the 2003 lease is nullified because "[a]voidance of the leasehold interest renders it is [sic] null and void as a matter of federal law, even if it was a valid transfer and enforceable between the parties under state law." *Dune Hotel Assocs. v. Hyatt Corp.*, 245 B.R. 492, 500 (D.S.C. 2000). The transfer is retroactively ineffective, and the transferee legally acquired nothing from the transfer. *In re Bell*, 194 B.R. 192, 197 (Bankr. S.D. Ill. 1996).

The defendant attempts to argue that the DIP cannot exercise the powers of a bona fide purchaser because it in fact has knowledge of the leasehold interest and was a party to the transfer. While knowledge of the leasehold might affect the ability of a bona fide purchaser to void the leasehold under state law, the avoidance power of § 544(a) states explicitly that the trustee's power is "without regard to any knowledge of the trustee or of any creditor." 11 U.S.C. § 544(a). Likewise, while the debtor was a party to the lease, the DIP is equivalent to the trustee and is not considered a party to the lease for avoidance purposes. Therefore, the DIP takes on the powers of a bona fide purchaser without knowledge and can exercise its avoidance powers under § 544(a) in this case.

The defendant also argues that the Bankruptcy Code exclusively deals with the rejection of leases in § 365 and does not permit leases to be avoided under § 544(a). While the defendant

4

is correct that § 365 offers the exclusive mechanism for rejecting leases, this presupposes that the

rejected lease is in fact valid and not void. Section 544(a) enables the trustee to avoid transfers

that would be void under general property transfer rules as applied by the state. Where the state,

as is the case here, has included leases in its recording statute, the state has dictated that

unrecorded leases, just like other unrecorded property interests, fall under the jurisdiction of §

544(a). Therefore, the DIP has two potential mechanisms at its disposal. First, it can treat the

lease as valid, and assume or reject it under § 365. Alternatively, it can look to the property

transfer aspect of the lease. If the state's recording statute includes leases, and the lease has not

been properly recorded, then avoidance will be an option under § 544(a). Thus, the general

principle remains that § 365 is the primary section of the code dealing with leases, and avoidance

of the lease under § 544(a) will only arise under relatively unique circumstances where the state

has allowed it. Defendant could have protected himself from this result by recording the 2003

lease but did not do so. The result here is what the Code requires, and in no way is this result

inequitable.

   Finally, defendant argues that if the lease is indeed void under the Virginia recording

statute, it is void only as to the portion of the lease for a term greater than five years. Because the

lease in this case has run for slightly more than three years, the defendant argues that the lease

would be valid for a period of five years, in this case until June 8, 2008. Only after that date

would the lease be considered void. This argument is purportedly supported by *Great Atlantic*

*and Pacific Tea Co. v. Coffer,* 129 Va. 640, 106 S.E. 695 (Va. 1921), which is the primary case

relied upon by the plaintiff for the principle that a lease for a term of more than five years is void

as to a bona fide purchaser. The annotation to the Virginia Code states that a lease "If

5

unrecorded, it is void as to term in excess of five years," citing *Great Atlantic.* Va. Code Ann. §

55-96. However, nothing in that case appears to contemplate the relief requested by the

defendant. The *Great Atlantic* court did not partition a lease into a five-year portion and a greater

than five year portion, voiding only the latter, and it is unclear how the annotation arrived at such

a summary of the case. The case involved a base two year and one month lease, with additional

options of up to four yearly renewals. 129 Va. at 647–8, 106 S.E. at 697. The court did not void

the already-completed term of the lease, and voided only the covenant for renewal. *Id.* In the

present case, there is no renewal term at issue. No other evidence has been presented to indicate

that this lease is deserving of such a partition. Therefore, the court does not find defendant's

argument to partition the lease compelling.

After the 2003 lease is avoided, the Defendant is left only with an unsecured claim

against the debtor's estate. The source of this potential claim is not the loss of the avoided

leasehold estate but is rather any enforceable contract rights that the Defendant may possess after

the 2003 lease avoided. *Dune Hotel Assocs. v. Hyatt Corp.*, 245 B.R. 492, 501-03 (D.S.C. 2000).

After the 2003 lease is avoided, the DIP need take no further steps to recover the property

interest under 11 U.S.C. §§ 550 or 542. The concepts of recovery and avoidance are different

under the Code, and the DIP is not required to recover the property if avoidance gives the DIP an

adequate remedy. The DIP's interest in the 187½ acre parcel became property of the estate at the

time of filing. 11 U.S.C. § 541(a)(1). When that interest merges with the avoided leasehold

estate, the DIP holds the entire interest in the 187½ acre parcel, and there is no need to recover

the avoided property under §§ 550 or 542.

For these reasons, there is good cause for the entry of summary judgment in favor of the

6

Debtor in Possession.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment is GRANTED, and

the defendant's cross-motion for summary judgment is DENIED;

**IT IS ORDERED** that the 2003 lease is avoided pursuant to 11 U.S.C. §§ 544(a)

effective as of the commencement of the case;

**IT IS ORDERED** that the defendant Gerald W. Watts may file a claim as an unsecured

creditor to the extent he may have a claim; and

**IT IS FURTHER ORDERED** that the defendant Gerald W. Watts will cooperate with

the DIP to sign any documents necessary to effectuate this Order.


Signed:_____

       /s/ Douglas O. Tice Jr._____
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT


**COPY TO:**

Douglas A. Scott, Esquire
John C. Smith, Esquire
Roy M. Terry Jr., Esquire
DurretteBradshaw, PLC
600 E. Main Street, 20th Floor
Richmond, Virginia 23219
*Counsel for Watts Contractors, Inc.*

Paul S. Bliley Jr., Esquire
Robert D. Perrow, Esquire
Williams, Mullen, Clark & Dobbins, P.C.

P.O. Box 1320
Richmond, Virginia 23218-1320
*Counsel for Gerald W. Watts*

Mr. Robert F. Chapman, III, President & CEO
Bank of the James
828 Main Street
Lynchburg, VA 24504

Ms. Sandra S. Crump
Jim's Supply of Va., Inc.
8165 Highway Forty-Seven
Chase City, VA 23924
Secretary, Treasurer and Registered Agent

Craig M. Burshem, Esquire
Office of the Attorney General
900 East Main Street, 4th Floor
Richmond, VA 23219
*Counsel for Commonwealth of Virginia*
*Dept. of Social Services*
*Division of Child Support Enforcement*